

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MARK WEAVER, | \* | CIV 08-3018 |
| | \* | CR 05-30119 |
| Petitioner, | \* | |
| | \* | ORDER AND OPINION ON |
| -vs- | \* | MOTION TO VACATE |
| | \* | |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner was charged with possession with intent to distribute marijuana and possession with intent to distribute methamphetamine. He pleaded guilty to possession with intent to distribute methamphetamine. At the change of plea hearing the petitioner claimed that the factual basis statement was not true as to quantity. The quantity was stricken from the factual basis statement he had previously signed and the petitioner was advised that the quantity would be determined in conjunction with the sentencing hearing. Following receipt of the presentence investigation report, petitioner moved to withdraw his plea. A hearing was held and the motion to withdraw was denied. Petitioner was sentenced on December 14, 2006, to 150 months custody. He appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit affirmed on November 27, 2007. United States v. Weaver, 256 Fed. Appx. 16, 2007 WL 4178471 (8th Cir. 2007).

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, along with an application to proceed *in forma pauperis* and a motion to appoint counsel. Petitioner contends in his motion that (1) his guilty plea was not knowing and voluntary, (2) he was sentenced in violation of the plea agreement, and (3) he was denied the effective assistance of counsel.

I have conducted an initial consideration of the motion to vacate, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Court.

## I. Involuntary Plea.

Petitioner contends that his plea was not knowing and voluntary because he understood that, if he pleaded guilty, he would be sentenced to no more than three years custody. I rejected this contention when, after an evidentiary hearing, I denied his motion to withdraw his plea of guilty. The United States Court of Appeals rejected this contention when it held that "the record convinces us that Weaver knowingly and voluntarily entered into the plea agreement."

As I stated at the hearing on the motion to withdraw his plea and as the Court of Appeals found, petitioner was told in no uncertain terms that any estimate of his sentence made by his counsel or anyone else was just an estimate. I told him that his sentence may be longer and neither he nor his counsel could know on the date of his plea what information would come up during the presentence investigation which might impact the length of his sentence. I advised him that the maximum term of incarceration for the crime to which he was pleading guilty was 20 years custody. That information was also set forth in the plea agreement, which he signed and testified that he had read and understood fully. Petitioner testified that he understood those things and wanted to plead guilty anyway. I asked petitioner at the change of plea hearing whether anyone had promised him what his sentence would be and he stated "No."

Petitioner was advised by me in no uncertain terms that I would be determining, based upon a preponderance of the evidence, the facts that would be used to determine his sentence. He testified under oath that he understood that matter. The matter of the drug quantity which would be used to determine his sentence was addressed at the change of plea hearing. Although he had signed a factual basis statement setting forth quantity, petitioner objected at the change of plea hearing to that quantity. He was told in no uncertain terms that drug quantity would be a matter to be determined at the sentencing hearing.

Petitioner "must overcome 'strong presumptions' . . . of the voluntariness of his guilty plea based on his representations at the plea hearing." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993). Petitioner's claim that his plea was not knowing or voluntary is not supported by the record.

## II. Sentence in Violation of the Plea Agreement.

Petitioner contends that he was sentenced in violation of the plea agreement because he understood that he would receive a three year sentence and because he did not receive the three

2

level reduction for acceptance of responsibility. There is no such promise in the plea agreement. I have previously made a finding that petitioner was not promised a three year sentence. At the plea colloquy, petitioner was advised very clearly what the maximum penalties were and he stated under oath that he understood those penalties. He further stated that nobody promised him what sentence he would receive and he understood that any estimate of sentence made by his counsel or counsel for the government was just an estimate and the Court was not bound by any such estimate. Petitioner's claim that he was sentenced in violation of the plea agreement is not supported by the record and is contrary to the record.

### III. Ineffective Assistance of Counsel.

Petitioner sets forth ten separate claims as to ineffective assistance of counsel. To support a claim of ineffective assistance of counsel, a two prong test must be met. "A reviewing court's task with respect to attorney performance is to 'determine whether, in light of all the circumstances, the [lawyer's performance was] outside the range of professionally competent assistance.'" Hill v. Lockhart, 28 F.3d 832, 837 (8th Cir. 1994), (*quoting* Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d (1984)). The burden of establishing ineffective assistance of counsel is on the petitioner. Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." Id., *citing* Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. at 2068. Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

### A. Timing of the Signing of the Plea Agreement.

Petitioner contends counsel was ineffective in that she "made a plea agreement with the government without 'first' consulting with petitioner, and presented it to Mr. Weaver at the detention hearing. Attorneys do not make plea agreements with the government. Attorneys negotiate agreements and relay the terms of proposed agreements to defendants. In petitioner's case, the prosecutor had a proposed written plea agreement prepared in advance which he presented to counsel for the petitioner. The record from the hearing on the motion to withdraw petitioner's plea shows that petitioner's counsel and counsel for the government discussed the

3

proposed plea deal prior to a hearing on petitioner's motion to reconsider detention on January 13, 2006. Petitioner thereafter signed the proposed plea agreement and proposed factual basis statement prepared by the government. There is nothing to indicate that the attorney's performance in the negotiation of the plea deal or the presentation of the proposed plea deal were outside the range of professionally competent assistance.

### B. Knowing and Voluntary Plea.

Petitioner claims that his attorney "never explained the consequences of the plea agreement nor did she inform him "in detail what the government was going to present." Petitioner fails on the prejudice prong of ineffective assistance of counsel as to this argument because I explained in detail to him on the record what would be the consequences of his entering a plea pursuant to the plea agreement. Counsel would not know, of course, what the government intended to present as evidence at the sentencing hearing. Petitioner would have known the extent of his drug dealings while his attorney would only know what was alleged in discovery. In any event, it was very clear at the change of plea hearing that the government was alleging that the petitioner distributed at least the quantity set forth in the factual basis statement. When the petitioner objected to that quantity, even though he had signed the factual basis statement, drug quantity was struck from the agreed upon factual basis statement and the petitioner was advised that drug quantity would be an issue of proof at sentencing. Petitioner knew very well the consequences of his plea and that the government intended to prove drug quantity at sentencing.

### C. Timing of Signing the Factual Basis Statement.

Petitioner contends that counsel was ineffective because she signed the factual basis statement before presenting it to the petitioner. The attorney's signature on the factual basis statement has no legal significance. That document only becomes significant after the defendant signs it and it is filed in the Clerk's record. Therefore, petitioner can show no prejudice based upon the timing of his attorney's signature on the factual basis statement.

### D. Failure to Object at Change of Plea Hearing.

Petitioner contends that counsel was ineffective in failing to object to the government's alleged facts at the change of plea hearing. Petitioner himself objected to the alleged drug

quantity, even though he had signed the factual basis statement containing the government's alleged drug quantity. The Court made it clear that quantity was not at issue at the change of plea hearing. Petitioner can show no prejudice as to counsel's claimed ineffectiveness in this regard.

### E. Failure to Object to Amending the Indictment.

Petitioner contends that the determination of drug quantity at the sentencing hearing amounted to an amendment of the indictment, and that his attorney failed to object to such amendment. This claim is frivolous. Petitioner pleaded guilty to Count II of the indictment which alleged merely that petitioner had distributed methamphetamine. No quantity was alleged in the indictment. Drug quantity is always an issue at sentencing since the Federal Sentencing Guidelines require a determination of drug quantity as a prerequisite for determining the Guidelines' sentencing range. Determination of drug quantity does not amount to an amendment of the indictment. The defendant was advised by me in no uncertain terms that I would be determining, based upon a preponderance of the evidence, the facts that would be used to determine his sentence. He testified under oath that he understood that matter. Petitioner's claim of ineffectiveness in this regard fails.

### F. Failure to investigate.

Petitioner contends that counsel failed to investigate the government's witnesses and his claimed witnesses. He does not set forth whether he is claiming that counsel failed to interview witnesses prior to the change of plea or whether instead the alleged failure concerned sentencing witnesses. Petitioner's guilty plea waived any claim as to the strength of the government's case against him. The Supreme Court has stated that habeas corpus relief functions "to assure that no man has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted." Bousley, 523 U.S. at 620, 118 S.Ct. at 1610. Petitioner admitted at least three times at his plea hearing that he was not innocent.

Petitioner does not set forth what witnesses he contends his attorney should have investigated or what would have been gained by having done so. The motion fails to set forth "sufficient allegations of facts which, if true, would justify relief." See Smith v. United States, 635 F.2d 693, 696 (8th Cir. 1980). "Merely stating unsupported conclusions will not suffice." Woods v. United States, 567 F.2d 861, 863 (8th Cir. 1978).

5

**G. Coercion.**

Petitioner contends that he was coerced by his attorney and the prosecutor into pleading guilty. The substance of this claim was presented by petitioner at the hearing on his motion to withdraw plea and I rejected any such claim at that time.

During the plea hearing, petitioner stated under oath that he was satisfied with his lawyer and that no threats or promises had been made to induce him to plead guilty. Petitioner "must overcome 'strong presumptions' of the voluntariness of his guilty plea based on his representations at the plea hearing." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993). Petitioner's representations during the plea hearing "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Bramlett v. Lockhart, 876 F.2d 644, 648 (8th Cir. 1989) (*citing* Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir.1985) (quoting Blackledge v. Allison, 431 U.S. 63, 73, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977))). Based upon his prior sworn testimony, petitioner cannot succeed on his claim that counsel was ineffective in coercing him into pleading guilty.

**H. Amendment of the Indictment.**

Petitioner claims that counsel was ineffective in failing to object to the amendment of the indictment. As set forth previously, the indictment was not amended. This claimed basis of ineffective assistance of counsel is rejected.

**I. Under the Influence.**

Petitioner contends that he was under the influence of prescription drugs at the time of his guilty plea. Petitioner's contention is contrary to his testimony under oath at the change-of-plea hearing. At that hearing I specifically asked whether "as you sit here in court today are you under even the slightest influence of any intoxicating beverage, medicine, or drug of any kind?" He responded "No, just pain medications for my, I have a broken back." I inquired as to the name of the medication he was on and specifically asked him "are either of those medications in any way interfering with your ability to understand what is going on here today?" He replied "no, sir." At the change-of-plea hearing petitioner declared, under oath, that he did understand the proceedings. Based upon his answers, I found that he was competent at that time to enter a plea of guilty. "Defendant's later conclusory claim that he did not understand what was going on

rings hollow." United States v. Bahena, 223 F.3d 797, 806-07 (8th Cir. 2000) (finding plea to be knowing and voluntary where defendant testified under oath that he understood the proceeding, was satisfied with his attorney, and had committed the crimes charged).

Petitioner did seek to withdraw his guilty plea before sentencing but not on the basis of having been under the influence of prescription medication at the time of his plea. Had petitioner been incompetent to plead guilty, he should have raised that issue on or before the sentencing date.

### J. Pocket Knife.

Petitioner contends that counsel was ineffective in failing to object to the enhancement for possession of a weapon or to object that the pocket knife found in the safe was not a dangerous weapon. Counsel did raise an objection to the two level enhancement pursuant to § 2D1.1(b)(1), contending that the "small folded closed pocket knife" was not found on petitioner's person but was instead found in a safe belonging to the co-defendant. That objection was overruled.

Any objection as to the so-called pocket knife not being a dangerous weapon most surely would have been denied as frivolous. As the Eighth Circuit has explained:

> A "dangerous weapon" is defined as "an instrument capable of inflicting death or serious bodily injury." U.S.S.G. § 1B1.1 cmt. n. 1(D); U.S.S.G. § 2D1.1 cmt. n. 3 (referring to § 1B1.1 commentary for definition of "dangerous weapon").

United States v. Aguilar, 512 F,3d 485, 487 (8th Cir. 2008). Even a knife which is "only one-and-a-half to two inches long" is properly defined as a dangerous weapon warranting the enhancement. United States v. Mathijssen, 406 F.3d 496, 499 (8th Cir. 2005).

Petitioner cannot show that counsel was ineffective in relation to the weapon enhancement.

### IV. Appointment of Counsel.

Petitioner has "neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of the trial court." Morris v. Dormire, 217 F.3d 556, 558 (8th Cir. 2000). "The standard for appointment of counsel in § 1915(d) cases is whether both petitioner and the court would benefit from the assistance of counsel." Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995). I have reviewed the record and can discern no

arguably meritorious issues. The appointment of counsel is not required in this case and would make no sense.

### V. Evidentiary Hearing.

The district court must hold an evidentiary hearing on a § 2255 motion which presents factual issues. United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980). However, a § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). No evidentiary hearing is necessary in this matter because it plainly appears from the face of the motion that the defendant is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Based upon the foregoing,

**IT IS ORDERED**:

1. Petitioner's motion, Doc. 1, to vacate, set aside, or correct sentence is denied.

2. Petitioner's application, Doc. 2, to proceed without the prepayment of fees is denied as moot. In any event, there are no filing fees in conjunction with a motion to vacate pursuant to 28 U.S.C. § 2255.

3. Petitioner's motion, Doc. 3, for the appointment of counsel is denied.

Dated this 16th day of December, 2008

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Barbara J. Graeph
    DEPUTY
(SEAL)

8