FILED
SEP - 3 2009



# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 05-30119 |
| Plaintiff, | |
| -vs- | ORDER ON MOTION FOR CORRECTION OF SENTENCE |
| MARK WEAVER, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant pleaded guilty to possession with intent to distribute methamphetamine and was sentenced on December 14, 2006, to 150 months custody. He appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit affirmed on November 27, 2007. United States v. Weaver, 256 Fed. Appx. 16, 2007 WL 4178471 (8th Cir. 2007).

Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 contending that (1) his guilty plea was not knowing and voluntary, (2) he was sentenced in violation of the plea agreement, and (3) he was denied the effective assistance of counsel. That motion was summarily dismissed upon initial consideration on December 16, 2008.

Defendant has now filed a motion to correct his sentence pursuant to Fed. R. Crim. P. 35, contending that I made a mathematical error in calculating his total offense level. This Court's authority to amend a judgment is limited to the conditions set forth in Fed. R. Crim. P. 35 and 36. Rule 35 authorizes the district court to correct a sentence upon the government's motion for a reduction of sentence or within seven days after the imposition of sentence to correct for arithmetical, technical or other clear error. Rule 36 authorizes the district court to correct a clerical mistake in the judgment. Neither of these rules authorizes the amendment of the judgment sought by defendant.

In any event, the defendant's motion should be dismissed on the merits. The presentence report set forth that the total offense level, after a three level reduction for acceptance of responsibility, was 25, the criminal history category was VI, and the sentencing range was 110 - 137 months. At the sentencing hearing, the Court *sua sponte* imposed a two level enhancement for obstruction of justice but did not withhold the reduction for acceptance of responsibility. The resulting offense level was determined to be 27, resulting in a sentencing range of 130 - 162 months. Defendant was sentenced to 150 months, which was within that range.

Now, therefore,

IT IS ORDERED that the defendant's motion, Doc. 160, for correction of sentence is denied.

Dated this 3rd day of September, 2009.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY_____
DEPUTY
(SEAL)